Charles A. Loreto, J.
Motion for an order compelling the respondent to proceed with arbitration pursuant to a written agreement under the terms of the contract, made on January 23, 1958, in the City of Montreal, Province of Quebec. The petitioner agreed to buy a Liberty steamship named “ Lomaland ” from the respondent for the purchase price of $487,500. The agreement stipulates that the buyer shall have the option to cancel the agreement, should the vessel not be ready for delivery by May 31, 1958. It further provides for prior inspection in drydock at the port of delivery.
On May 30, 1958, petitioner took delivery of the ship under protest and with a written reservation of all its rights under and arising out of the agreement of sale. It claimed that a number of conditions requiring- repair existed. Thereafter and on June 26, 1958, it sought to return the vessel to respondent. The latter refused the retender, whereupon this proceeding has been brought.
Respondent contends that arbitration may not be invoked at bar, stating that under section 1448 of the Civil Practice Act only controversies between the parties ‘ ‘ which may be the subject of an action” may be submitted to arbitration, and claims that here no dispute exists between the parties which may be the subject of an action either under the law of the State of New York or the law of the Province of Nova Scotia, where the contract was made and the ship was delivered.
Respondent asserts that since its acceptance of the vessel, the petitioner has been operating it for its own use and benefit; that the cost of repair of the items claimed as defects would amount to the small sum of $1,400; that there was a substantial slump in the ship sale market between the contract date and delivery date of the “ Lomaland ”, representing a drop of approximately $170,000 in its market value and that that is the real reason for an attempted rescission of sale (or monetary damages based on the fall in market price) through the medium of arbitration, relief that would be denied to petitioner if it were sought by way of suit.
Respondent’s attorneys state that under section 1448 of article 84 of the Civil Practice Act only a controversy “ which may be the subject of an action ” may be submitted to arbitration by order of the court and that this provision is the matrix upon *219 which the entire arbitration statute rests. With this as their basic premise, they convincingly point to statutes and decisional law which indicate that, under the facts claimed by them, rescission would be denied to the petitioner both under the law of the State of New York and the law of the Province of Nova Scotia. Therefore, they conclude that there exists no dispute “ which may be the subject of an action ” and that arbitration cannot be directed under our statute.
Paragraph 12 of the agreement provides: ‘ All disputes and differences arising out of this agreement shall be settled by arbitration in the city of New York ”. This is broad language. As in Matter of Harrisons & Crosfield (106 F. Supp. 358, 361 [S. D. N. Y.]): “ It commits to arbitration every dispute under the agreement ”. That would include any questions of fact and of law dealing with the right to rescission of the sale.
In the court’s opinion, the controversy, whether termed rescission of sale or breach of contract, is one that ‘ may be the subject of an action ” in the State of New York. It is another matter to hold that it must first be shown that one would or should succeed if such an action were brought in order to permit the court to make an order directing the parties to submit to arbitration; the statute does not state or require that.
Of course, there are certain classes of controversies which are not the proper subject of an action. Such would be one wherein it is sought to determine and fix the amount that a husband should pay for the support of his wife and children without reference to fault or the right of either to a separation decree against the other. (Matter of Stern, 285 N. Y. 239, 241.) The controversy here is not in such a class.
A dispute has arisen which is arbitrable under the broad language of the arbitration clause. The only questions which the court is authorized to consider on motions of this type are: (1) whether there is a contract to arbitrate, and (2) whether there is a dispute thereunder (Matter of Carey [Westinghouse Elec. Corp.], 6 A D 2d 582; Matter of Carlin Constr. Co. [Bartley Bros. Constr. Corp.], 280 App. Div. 801, affd. 305 N. Y. 784). These factors are present here.
Respondent is directed to appoint an arbitrator within five days after service of an order to be entered hereon, with notice of entry. Upon failure to appoint such arbitrator within such time, and upon proof thereof to this court, an arbitrator possessing the type of background specified in the contract will be designated by the court.
Settle order.