Vincent A. Lupiano, J.
Motion number 68, bearing index number 17308/59, and motion number 159, bearing index number 16457/59, dated December 21, 1959, are consolidated for the purpose of joint disposition.
The first motion by the petitioner seller, Fabrex Corporation, seeks to stay an action pending arbitration. In the second motion, the buyer, Winard Sales Co., moves to stay the pending arbitration.
The facts: The seller, Fabrex Corporation, entered into three contracts with Winard Sales Co. for the sale of a quantity of textile piece goods. Each contract contained a broad arbitration clause which states in part,1 ‘ Any controversy arising under or in relation to this contract or order or any modification thereof shall be settled by arbitration”. The buyer received deliveries under the contracts and thereafter asserted a claim that the merchandise did not conform to the contracts as to quality, and withheld payment. On November 29, 1959 the buyer instituted an action against the seller. The first two causes of action in the complaint seek money damages for alleged breach of warranty. The third cause of action seeks rescission alleging fraud in the inducement. Subsequently the seller served a demand for arbitration pursuant to the terms of the contracts.
The buyer contends on these motions that arbitration may not be bad if there is an action pending between the same parties in which rescission is sought based upon fraud in the inducement. It is urged that the very nature of the rescission action itself *27 repudiates the existence of the contracts, and arbitration based upon such contracts must yield to the charge.
The law: Where an arbitration clause is broad and all inclusive, a request for rescission, either in a pending action or in a demand for arbitration, based upon fraud in the inducement, will be left for determination of the arbitrators (Matter of Fields v. American Hydrotherm Corp., 5 A D 2d 647; Matter of Potter Co. [Miles Corp.], 2 Misc 2d 515, affd. 2 A D 2d 816; Matter of Kanfer [BurlingtonMills], 278 App. Div. 554; Matter of Transpacific Transport Corp. [Sirena Shipping Co.], 16 Misc 2d 217). For, as Mr. Justice Steuer pointed out in Krumheim & Sons v. Winola Silk Mills (N. Y. L. J., April 4, 1955, p. 6, col. 7): “ Fraud does not make a contract void, merely voidable. The parties may provide for the arbitration of such questions as would give one of them the right to rescind.” In the case before me the arbitration clause is of the broadest scope. Clearly, such a clause may provide for the determination of such questions of fraud and rescission.
Moreover, while the buyer alleges fraud in the inducement, a reading of the complaint and accompanying affidavits indicates that the alleged fraud relates solely to the question of performance under the contracts, for the buyer admits that deliveries were made thereto, and alleges breach of warranty in the first two causes of action. The law is that issues raised by claims relating to performance of contracts, no matter how designated or characterized, are for determination by the arbitrators (Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N. Y. 199; Matter of Lipman [Kaeuser Shellac Co.], 289 N. Y. 76; Matter of Kahn [National City Bank], 284 N. Y. 515; Matter of Amerotron Corp. [Shapiro Woolen Co.], 3 A D 2d 899, affd. 4NY2d 722).
Matter of Wrap-Vertiser [Plotnick) (3 N Y 2d 17) upon which buyer relies, is easily distinguishable. It appears to be a sui generis case, where an arbitration clause was so narrow and restrictive in its scope that the question of fraudulent inducement was not allowed to come within its purview. However, where the arbitration clause is broad, Matter of Wrap-Vertiser is not apposite. (See Matter of Kellogg Co. [Monsanto Chem. Co.], 9 A D 2d 744.) To give greater meaning to the WrapVertiser case would bestow an unmerited advantage to the couching of the clever draftsman. For while a breach of warranty action is considered a contract action, historically it was an action on the case sounding in tort and based upon fraud. (See discussion in Prosser, Law of Torts [2d ed.], § 83, p. 493.) Therefore, a breach of warranty action is always susceptible *28 to an allegation of fraud in the inducement, and if the WrapVertiser ease were not so distinguished, a bare allegation of fraud in the inducement in any action would be sufficient to defeat every arbitration.
In the ease at bar, the arbitration clause is broad and the controversy clearly involves performance under the contracts. Accordingly, the motion which seeks to stay arbitration is denied and the motion which seeks to stay the action is granted in all respects. Settle order.