■ In the Matter of the Arbitration between CLYDE FASHIONS, LTD., Respondent, and RUSCH & Co., Appellant. In the Matter of the Arbitration between LEN ARTEL, INC., Appellant, and CLYDE FASHIONS, INC., Respondent.

*Per Curiam.* These are appeals from two orders entered August 3, 1961. The first appeal by Rusch & Co. is from an order which granted the motion of Clyde Fashions, Ltd., to stay arbitration. The second appeal is by Len Artel, Inc., from an order which denied its motion to stay an arbitration commenced by Clyde Fashions, Ltd. For convenience both are treated together.

On July 21, 1960, by written agreement, Len Artel, Inc., herein referred to as Artel, as seller, agreed to sell and Clyde Fashions, Ltd., herein called Clyde, agreed to purchase a quantity of textile fabrics. The agreement on its face listed Rusch & Co., herein termed Rusch, as factors, and stated "order given to Albert Facques (herein Facques), Roubaix, France." Under the heading "Remarks" appeared "made in France by Albert Facques", and following the letters "F. O. B." were the words "Roubaix, France." The agreement contained a provision for arbitration of "controversies or questions" with respect to the contract, including questions relating to the condition or quality of the merchandise delivered.

On or about July 27, 1960, Facques confirmed the order. Thereafter, in October, 1960, the goods were shipped to Clyde by Facques and invoiced by Facques directly to Clyde. Rusch is the assignee of Facques.

Sometime in December, 1960, a dispute developed as to the quality of the fabrics delivered, and on June 5, 1961, Rusch as assignee of Facques sought arbitration against Clyde. On the same date Clyde instituted arbitration proceedings against Artel. Artel sought to stay the arbitration, contending it was merely the selling agent for a disclosed principal, Facques. Special Term, in denying the motion, pointed out that on the face of the contract Artel appears as seller, and the oral explanation by affidavit as to the interest of others whose names appear in the agreement is insufficient to deny the right of arbitration as provided for in the contract between buyer and seller. We agree with that conclusion. Accordingly, the order appealed from denying the stay sought by Artel should be affirmed, with costs to the respondent.

Clyde, in seeking the stay of arbitration, and on this appeal, argues there is nothing to indicate any principal-agency relationship between Artel and Facques, that it made no contract with Facques, and therefore Rusch, as assignee, has no right to arbitration.

Artel asserts in an affidavit Clyde was told and knew at the time the contract was executed that Facques was the principal. Artel states flatly that Facques is in fact the principal and Artel serves merely as a selling agent for Facques. If this be correct, though we make no finding, Rusch, as assignee, has all of the rights of the assignor, and is entitled to go to arbitration under the contract. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 81.) Moreover, it appears from the contract that the account receivable was assigned to Rusch as factor at the inception of the agreement.

Sufficient appears in the record, as heretofore stated, to warrant the submission of all of the issues to the arbitrators for resolution. Accordingly, the order appealed from staying arbitration demanded by Rusch should be reversed on the law and the motion denied, with costs to appellant.

EAGER, J. (concurring). I concur in the opinion herein. I am of the further opinion, however, that the two arbitration proceedings should be consolidated. The parties should agree upon a consolidation thereof, and, in any event, if authorized by the rules governing the arbitration, the matter of consolidation should be considered by the arbitrators.

Botein, P. J., Breitel, Valente and Stevens, JJ., concur in *Per Curiam* opinion; Eager, J., concurs in Memorandum.

Order entered on August 3, 1961, staying arbitration proceedings instituted against petitioner by respondent, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion denied. Order entered on August 3, 1961, denying petitioner-appellant's motion to stay arbitration, unanimously affirmed, with $20 costs and disbursements to the respondent.