Edward **GOLDSTEIN**, Plaintiff,

v.

Max **DOFT**, Defendant.

United States District Court
S. D. New York.

Dec. 29, 1964.

Jacob Rassner, New York City, for plaintiff.

Kurzman & Frank, New York City, for defendant; Samuel B. Seidel, New York City, of counsel.

WEINFELD, District Judge.

■■ Upon assignment of this case for trial, the defendant renewed his motion for judgment based upon the defense of res judicata, and plaintiff likewise renewed his motion to strike the defense. Judge Cashin, in denying the defendant's motion, granted his alternative one to require plaintiff to set forth a more definite statement of his claim in order to permit adequate consideration of the res judicata plea.[1] Following service of plaintiff's amended pleading, Judge Levet de-

nied his motion to strike the defense. These prior decisions do not preclude consideration of the renewed motions made by the parties, for the Court did not then have the benefit of the full articulation of plaintiff's claim, and Judge Levet had only plaintiff's motion before him. Moreover, even an adverse ruling on defendant's motion prior to trial does not bar redetermination of the issue by this Court.[2] Consideration of the renewed applications is desirable since if the defense is valid it would obviate a long and expensive trial.

On February 28, 1948 the plaintiff, a citizen of Massachusetts, doing business as Fabtex Sales Associates, entered into a letter agreement with Princeton Knitting Sales Company, a New York partnership and sales agent for Princeton Knitting Mills, Inc., a New York corporation, whereby plaintiff was to receive two per cent commission "on the net amount of all orders procured by [him]." The contract provided that plaintiff was not entitled to "any other compensation by way of commissions or otherwise from us or from any principal represented by us." Each party retained the right to terminate the relationship upon notice, and "any question or controversy arising out of or in connection with this agreement shall be finally determined by arbitration. * * *" This contractual relationship continued subject to a number of oral modifications until it was terminated in December 1958.

On August 7, 1959 the plaintiff invoked the arbitration provision by initiating a proceeding before the American Arbitration Association "for payment of commissions due—in an amount presently undetermined," making his demand for arbitration upon "Princeton Knitting Sales Co., as agent for Princeton Knitting Mills, Inc., and Princeton Knitting

1. Defendant was forced to move to strike the first amended complaint for failure to comply with Judge Cashin's order. Judge Palmieri stayed all pretrial proceedings by plaintiff pending compliance, following which a second amended complaint was served.

2. Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131, 134–136 (2d Cir. 1956). See also, Commerce Oil Ref. Corp. v. Miner, 303 F.2d 125, 128 (1st Cir. 1963). But cf. TCF Film Corp. v. Gourley, 240 F.2d 711, 713 (3d Cir. 1957).

Mills." [3]   Thereafter on September 28, 1959 plaintiff, in support of his claim, filed a detailed statement which included charges of fraud and misrepresentation by Max Doft, a partner in Princeton Knitting Sales Company and also an officer, director and shareholder of Princeton Knitting Mills, Inc. Plaintiff asserted that by reason of such fraud he had, with respect to enumerated accounts, waived or reduced the commission payable under the agreement. The parties were represented by counsel at the hearings, which extended over a period of time, after which the arbitrators made the following award:

> "The claims by EDWARD GOLDSTEIN, hereinafter referred to as GOLDSTEIN, against PRINCETON KNITTING SALES CO., AS AGENT FOR PRINCETON KNITTING MILLS, INC. AND PRINCETON KNITTING MILLS, hereinafter jointly and individually referred to as PRINCETON are disallowed."

The plaintiff's attack upon the award was rejected and it was confirmed by the Supreme Court, New York County.

Plaintiff thereafter commenced this diversity action, naming as the sole defendant, Max Doft. He repeats the contentions which he had unsuccessfully advanced in the arbitration proceeding— that he was entitled to commissions even on sales in which he had played no part, and that he had been deprived of commissions rightfully due him by misrepresentations and acts of concealment— and asserts three causes of action against Doft. Plaintiff alleges it was Doft who made the misrepresentations to him, that he "willfully, wrongfully and maliciously caused * * * plaintiff's discharge * * * and the termination * * * of plaintiff's said contract," and that Doft, in his capacity as a partner in Princeton Knitting Sales Company, and as an officer, director and shareholder of the corporation, has been unjustly enriched by reason of the foregoing.

Upon examination of the plaintiff's amended complaint, the entire file in the arbitration proceeding, including "the demand for arbitration" dated August 7, 1959, the claim of plaintiff dated September 28, 1959, the award of arbitration dated January 5, 1961, the opinion of Mr. Justice Hecht of the Supreme Court of the State of New York, New York County, dated May 1, 1961, the order entered thereon dated May 9, 1961, and the briefs submitted by counsel representing the respective parties to the arbitrators, the conclusion is compelled that the plaintiff's claims, however worded, are barred on the principle of res judicata, and that his complaint must be dismissed.

■   Plaintiff's principal claim—that he was entitled to commissions on all sales from his territory, and that he was deprived of commissions by misrepresentations and concealment—was squarely presented to the arbitrators, who ruled adversely to him. This may not be relitigated. The very accounts specified in plaintiff's amended complaint herein are those enumerated in his arbitration claim.

■   The remaining claims—the alleged inducement of a breach of contract and unjust enrichment—must likewise fall in view of the holding by the arbitrators that no sum was due to plaintiff, which forecloses any claim that there was a breach of the agreement or that fraudulent conduct by Doft deprived plaintiff of any commissions due him thereunder.

■   Before plaintiff can succeed on either of the latter claims, he would have to establish as an essential element a breach of the agreement under which he was to receive his commissions. Since the award went against him on this issue,

3. There is no such entity as "Princeton Knitting Mills." The corporate designation "Inc." appears to have been omitted and the title of all subsequent proceedings was carried forward in the same manner.

he may not now relitigate it.[4] Moreover, since those claims are directly related to the contract and within its broad arbitration provision, they might have been brought before the arbitrators,[5] and also are barred. New York law, which is made applicable to this contract by express provision therein, provides "that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein * * *."[6]

■ Apart from the fact that the principle of res judicata bars recovery, it is questionable that any cause of action may be asserted against an obligor under an agreement for inducing a breach thereof.[7] Defendant here was not a stranger to the agreement but was bound by it as a member of the partnership. Another obstacle to plaintiff's suit is that "since the [contract was] terminable at will, the discontinuance of the plaintiff's services, however induced, could not constitute a breach of contract."[8]

Plaintiff seeks to escape the consequences of the unfavorable arbitration award by a number of expedients, none of which is persuasive. First, he stresses that this action names Max Doft individually, rather than the partnership and its corporate principal; further, he contends that in the arbitration proceeding the real and only party in interest was the corporation, not Doft or his partnership, and consequently that since he individually was not a party thereto, the principle of res judicata does not apply. This contention, apart from its legal insufficiency, flies in the face of the facts. The provision which plaintiff relied upon to invoke the arbitration was contained in the agreement dated February 26, 1948 between him and the Princeton Knitting Sales Company, of which defendant was and is a partner. The claim submitted by plaintiff to arbitration specifically referred to that agreement, which expressly provided that the partnership, but not the corporation, would be liable for commissions.[9] Finally, and significantly, the plaintiff himself, in opposing confirmation of the award before the Supreme Court of the State of New York, acknowledged that:

"* * * [I]t was agreed between the parties and counsel that Princeton Knitting Mills, Inc. and Princeton Knitting Sales Co. were to be considered as one entity."[10]

■ Moreover, assuming arguendo, as plaintiff contends, that Doft or the partnership was only an agent of the corporation and was not in fact a party to the arbitration proceeding, the plaintiff would still be bound by the adverse determination of the arbitrators on his claims since he had "been given a full opportunity to litigate those issues against one of the parties * * *."[11]

---

4. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 120, 151 N.Y.S.2d 1, 5, 134 N.E.2d 97 (1956); American Button Co. v. Warsaw Button Co., 31 N.Y.S.2d 395, 397 (Sup.Ct.1941), aff'd mem., 265 App. Div. 905, 38 N.Y.S.2d 570 (4th Dep't 1942).

5. See Exercycle Corp. v. Maratta, 9 N.Y. 2d 329, 334, 214 N.Y.S.2d 353, 355, 174 N.E.2d 463 (1961); Fabrex Corp. v. Winard Sales Co., 23 Misc.2d 26, 200 N.Y.S.2d 278 (Sup.Ct.1960).

6. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 118, 151 N.Y.S.2d 1, 3, 134 N.E.2d 97, 98 (1956); Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 17, 9 N.E.2d 758, 112 A.L.R. 401 (1937); Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 306–307, 165 N.E. 456 (1929).

7. See, e.g., Cuker Industries, Inc. v. William L. Crow Constr. Co., 6 A.D.2d 415, 178 N.Y.S.2d 777 (1st Dep't 1958).

8. Terry v. Dairymen's League Co-operative Ass'n, 2 A.D.2d 494, 157 N.Y.S.2d 71, 76 (3d Dep't 1956).

9. See Application of Clyde Fashions, Ltd., 15 A.D.2d 482, 222 N.Y.S.2d 545 (1st Dep't 1961).

10. Edward Goldstein petition in support of motion to vacate arbitration award, p. 3.

11. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 119, 151 N.Y.S.2d 1, 4, 134 N.E.2d 97, 99 (1956).

■ In appropriate circumstances, New York law affords a defendant the benefit of a former adjudication adverse to a plaintiff even though the defendant had not been a party to the litigation. Thus, the principle of res judicata has been applied where a plaintiff brought an action against the owner of a car after failing to fasten liability upon its driver,[12] where a broker first failed to recover against a seller for breach of contract and then attempted to sue the buyer for inducing the breach,[13] and where shareholders brought suit in New York against the directors of a corporation after failing in a Delaware suit brought against the corporation to set aside the sale of corporate assets.[14] The latter two categories are strikingly apposite to the case before the Court.

■ The next expedient focuses upon the difference in the theories upon which relief is sought in this action and those pursued in the arbitration proceeding. Plaintiff contends he there sought only "commissions due," while here he seeks damages for misrepresentation, inducement of breach of contract and unjust enrichment—that his present complaint sounds in tort. But a shift in legal theories or a new or different ground for relief sought does not of itself work magic and dissolve the defense of res judicata. In this instance, too, plaintiff ignores fact. He expressly sought to support his claim for "commissions due" by charges of fraud and misrepresentation. He now argues that presentation of these charges to the arbitrators "constituted surplusage and was outside the scope of the issues before the administrative tribunal."[15] However, having himself framed the issues, he cannot now avoid them. The wholesome principle of res judicata is not to be overcome so easily. In any event, as this Court has previously written, a plaintiff cannot "escape the effect of the adverse determination by clothing the claim in a different garb. * * * *"[16]

This is also the New York rule. In Cohen v. Dana,[17] shareholders brought a derivative suit against their corporation's directors, alleging fraud and violations of fiduciary duty. During the pendency of the suit, the plaintiffs sued the corporation in Delaware, requesting appointment of a receiver with power to set aside an allegedly fraudulent sale of corporate assets. Upon denial of the relief sought in Delaware, the New York court granted summary judgment to the defendant directors, noting that "in their attempt to prove the Delaware complaint the plaintiffs had to adduce the same type and scope of evidence they would have to submit to prove the New York complaint."[18] That the relief sought differed in the two actions was expressly held not to prevent application of the former adjudication bar.

To permit this suit to be maintained in the face of the incontrovertible facts would make a shambles of the doctrine of res judicata—intended not only for the protection of litigants, but also in the interest of the State—indeed, it would

---

12. Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E.2d 758 (1937).

13. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956); American Button Co. v. Warsaw Button Co., 31 N.Y.S.2d 395 (Sup. Ct. 1941), aff'd mem., 265 App.Div. 905, 38 N.Y.S.2d 570 (4th Dep't 1942).

14. Cohen v. Dana, 83 N.Y.S.2d 414 (Sup. Ct.1948), aff'd mem., 275 App.Div. 723, 87 N.Y.S.2d 614 (2d Dep't), aff'd mem., 300 N.Y. 608, 90 N.E.2d 65 (1949).

15. Plaintiff's memorandum re res judicata defense, p. 3.

16. Frost v. Bankers Commercial Corp., 11 F.R.D. 195 (S.D.N.Y.1951), aff'd, 194 F. 2d 505 (2d Cir. 1952).

17. 83 N.Y.S.2d 414 (Sup.Ct.1948), aff'd mem., 275 App.Div. 723, 87 N.Y.S.2d 614 (2d Dep't), aff'd mem., 300 N.Y. 608, 90 N.E.2d 65 (1949).

18. Cohen v. Dana, 83 N.Y.S.2d at 419. Accord, Israel v. Wood Dolson Co., 1 N. Y.2d 116, 120, 151 N.Y.S.2d 1, 5, 134 N. E.2d 97 (1956).

give the plaintiff "two bites of the cherry."[19]

The defense is sustained and the defendant is entitled to judgment dismissing the complaint.

19. Cohen v. Dana, 83 N.Y.S.2d at 418.