**PRIMA PAINT CORPORATION,**
Plaintiff-Appellant,

v.

**FLOOD & CONKLIN MFG. CO.,**
Defendant-Appellee.

**Docket 30365.**

United States Court of Appeals
Second Circuit.

Submitted March 30, 1966.

Decided May 12, 1966.

———◆———

Robert P. Herzog, New York City, for plaintiff-appellant.

Wachtel & Michaelson, New York City (David N. Brainin, Martin A. Coleman, New York City, of counsel), for defendant-appellee.

Before WATERMAN, MOORE and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

The district court ordered appellant and appellee to proceed with arbitration of their disputes and differences in accord with an agreement they had entered into providing for settlement by arbitration of "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof."

Appellant timely filed a notice of appeal and appellee has moved to dismiss the appeal as frivolous. After a full examination of the moving papers, briefs and affidavits of the parties, and the memorandum opinion below, we grant the appellee's motion and dismiss the appeal.[1]

We but sketchily summarize the situation out of which the arbitrable disputes arose lest by too detailed a statement we appear to be suggesting to the arbitrators the result they should reach.

On October 7, 1964, plaintiff-appellant, a Maryland corporation, and defendant-appellee, movant, a New Jersey corporation, entered into a contract which contained the following clause:

> 8. *Arbitration.* Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the City of New York, in accordance with the rules then obtaining of the American Arbitration Association, by three arbitrators, one of whom shall be an attorney-at-law and one of whom shall be a certified public accountant, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof. The costs of arbitration shall be shared equally by Prima & F&C.

On September 17, 1965, plaintiff notified defendant that plaintiff claimed defendant had breached the contract (and listed among the claimed breaches ten specific ones), and therefore plaintiff was going to pay to an escrow agent monthly payments it had agreed to pay defendant under the contract. On October 25, 1965, defendant notified plaintiff that it was demanding arbitration of plaintiff's failure to pay to it these agreed monthly payments. This notification was made pursuant to Section 7503 (c) of the New York Civil Practice Law and Rules, and defendant filed a copy of its demand with the American Arbitration Association, with a request that the Association commence the pre-arbitration details. On November 12, 1965, defendant having agreed to grant plaintiff an extension of time until November 15 within which to answer the arbitration demand, plaintiff commenced its action against defendant in the United States District Court for the Southern District of New York to obtain a rescission of the October 7, 1964 contract on the ground of alleged frauds by defendant at the time plaintiff was induced to enter into the contract. Plaintiff did not allege that it was fraudulently induced to enter into the arbitration clause.

Thereupon defendant moved pursuant to Rule 7(b), Fed.R.Civ.P. to stay plaintiff's action pending arbitration, and plaintiff cross-moved pursuant to Rule 65, Fed.R.Civ.P. to stay an arbitration pending adjudication upon the merits of plaintiff's action. Disposing of both motions simultaneously the district court denied plaintiff's motion, granted the stay defendant requested, and, as stated above, directed that an arbitration proceed.

Plaintiff's action is a diversity action, but if the contract sought to be rescinded evidences a transaction involving interstate commerce (excluding employment contracts of interstate workers) the arbitration clause in the contract is valid, irrevocable and enforceable unless grounds exist to revoke the contract, 9 U.S.C. § 1, § 2, and the court is required to order arbitration when "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue * * *." 9 U.S.C. § 4.

1. See Chatham Shipping Co. v. Fertex S.S. Corp., 352 F.2d 291, 294–95 (2 Cir. 1965).

Beyond peradventure the contract evidences a transaction involving interstate commerce. It provides, among other things, that for a period of six years New Jersey-based appellee would serve in an advisory and consultative capacity to Maryland-based appellant and would forthwith turn over to appellant two lists of appellee's paint customers, which lists included some 175 establishments located in several states, which were active customers of appellee purchasing paint from appellee for resale. Among the matters concerning which appellee was to consult and advise appellant were, in appellant's words, "the manufacturing operations [and] sales and servicing of the customers accounts," and the agreement, according to appellant,

"* * * contemplated and intended an orderly transfer of the assets of the defendant to the plaintiff, and further contemplated and intended that the defendant would consult, advise, assist and help the plaintiff so as to insure a smooth transition of manufacturing operations to Maryland from New Jersey, together with the sales and servicing of customer accounts and the retention of the said customers."

Appellant's complaint below, seeking rescission of the contract, is based upon allegations that appellee fraudulently induced appellant to enter into this contract knowing that appellee was insolvent and could not satisfactorily perform the contractual commitments.

It is appellant's claim that allegations of "fraud in the inducement" contained in a complaint seeking contract rescission halts arbitration until the validity has been determined of the contract of which the arbitration clause is a part because a rescission action seeks to nullify the existence of that contract. In this circuit, ever since the leading case of Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402 (2 Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618 (1960), dismissed pursuant to Rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960) we have held that an arbitration agreement is separable from the contract within which it is contained. As it is separable, we have held that when there is no allegation of fraud in the inducement to enter into the agreement to arbitrate any controversies or claims arising out of, or relating to, the agreement of which the arbitration agreement is a part, and which agreement is allegedly entered into by fraudulent inducement, the resolution of whether there was in fact fraud in the inducement is properly the province of the arbitrators and not of the court. Robert Lawrence Company v. Devonshire Fabrics, Inc., supra, 271 F.2d at 410; El Hoss Engineer & Transport Co. v. American Ind. Oil Co., 289 F.2d 346, 349 (2 Cir. 1961); Petition of Kinoshita & Co., 287 F.2d 951 (2 Cir. 1961); Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805 (2 Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960).

Here the arbitration provision incorporates the standard clause recommended by the American Arbitration Association, is broad and comprehensive, and, under the law of this circuit, would most assuredly cover a dispute over fraudulent inducement. See Petition of Kinoshita & Co., supra.

Appellant would distinguish Robert Lawrence v. Devonshire on the ground that there the party seeking the stay of arbitration had sued for damages for a contract breach while here appellant seeks a rescission. We recognize the distinction, but point out that, though the recovery sought in the two cases may differ, the ground upon which each recovery is sought is that of the alleged fraudulent inducement, an issue we hold is one for the arbitrators to resolve. See also Fabrex Corp. v. Winard Sales Co., 23 Misc.2d 26, 200 N.Y.S.2d 278 (1960).

Appellant also maintains that, inasmuch as appellee served a notice to arbitrate pursuant to a provision of New York law prior to appellant's institution of suit in a federal court, appellee's federal court motion to compel arbitration filed in the federal court appellant chose,

does not cause federal law to govern as to whether the issue of alleged fraud in the inducement should be adjudicated in court or resolved by arbitrators, but that New York law should control.

■ There is no merit in this contention. We quote Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra, 271 F.2d at 409, and

" * * * hold that the Arbitration Act in making agreements to arbitrate 'valid, irrevocable, and enforceable' created national substantive law clearly constitutional under the maritime and commerce powers of the Congress and that the rights thus created are to be adjudicated by the federal courts whenever such courts have subject matter jurisdiction, *including diversity cases*, just as the federal courts adjudicate controversies affecting other substantive rights when subject matter jurisdiction over the litigation exists. We hold that the body of law thus created is substantive not procedural in character and that it encompasses questions of interpretation and construction as well as questions of validity, revocability and enforceability of arbitration agreements affecting interstate commerce or maritime affairs, since these two types of legal questions are inextricably intertwined." (Emphasis supplied.)

El Hoss Engineer. & Transport Co. v. American Ind. Oil Co., supra; Petition of Kinoshita & Co., supra; Metro Industrial Painting Corp. v. Terminal Const. Co., 287 F.2d 382 (2 Cir. 1961) at 384–385, and see separate concurring opinion of Judge Lumbard at 385 ff.; Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., supra.

■ Appellee has moved for a grant to it of double costs, damages, counsel fees and expense reimbursement, all pursuant to 28 U.S.C. § 1912, citing Chatham Shipping Co. v. Fertex S.S. Corp., 352 F.2d 291, 294–295 (2 Cir.1965), and A/S Krediit Pank v. Chase Manhattan Bank, 303 F.2d 648 (2 Cir. 1962). Appellee's mo-

tion is not wholly ill-founded, but we believe it better to deny it, for arbitration should now proceed promptly.

Appeal dismissed.