EDWARD COOPER et al., Appellants, v. COMPUTER CREDIT SYSTEMS, INC., et al., Respondents, et al., Defendants.— In an action to rescind two contracts and for damages, plaintiffs appeal (1) from an order of the Supreme Court, Queens County, dated January 3, 1972, which granted respondents' motion to stay the action pending arbitration, and (2) as limited by their brief, from so much of a further order of the same court, dated March 22, 1972, as upon renewal and reargument, adhered to the original decision. Appeal from order dated January 3, 1972 dismissed as academic. That order was superseded by the order granting renewal and reargument. Order dated March 22, 1972 affirmed insofar as appealed from. Respondents are granted a single bill of $10 costs and disbursements. Respondent Computer Credit Systems, Inc., is a corporation organized under the laws of Georgia. It is in the business of

selling franchises of its national credit system in local geographic markets. The system involves a means whereby retail merchants will be able to accept nationally recognized credit cards. Franchises were sold to plaintiffs, among others. Plaintiffs are New York residents. They commenced this action to rescind their agreements, because of alleged fraud in the inducement, and to recover damages. Respondents moved to stay the action pending arbitration, pursuant to the following arbitration clause: " Any controversy whatsoever relating to this Agreement shall be settled by arbitration at Atlanta, Georgia, under the laws of the American Arbitration Association before any action or legal proceeding can be brought or maintained." Plaintiffs opposed the motion on the ground that the contracts, including the arbitration clause therein, were void *ab initio* for fraud in the inducement. Special Term granted the stay of the action and, on reargument and renewal, adhered to its original decision. It relied on *Matter of Fabrex Corp.* [*Winard Sales Co.*] (23 Misc 2d 26) and *Matter of Amphenol Corp.* [*Microlab*] (48 Misc 2d 46, affd. 25 A D 2d 497). In our opinion, Special Term should have first considered the choice of law issue between the New York and Federal laws of arbitration (*Matter of Rederi* [*Dow Chem. Co.*], 25 N Y 2d 576; *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.*, 388 U. S. 395; *Aerojet-Gen. Corp.* v. *Non-Ferrous Metal Refining,* 37 A D 2d 531; *RLC Electronics* v. *American Electronics Labs.*, 39 A D 2d 757). An examination of the record herein indicates that the Federal Arbitration Act (U. S. Code, tit. 9, § 1 *et seq.*) applies, since the transactions here clearly involve interstate commerce. Indeed, the Federal Trade Commission has already so found. Applying the Federal Act and under the broad arbitration clause above-quoted, the issue of fraud in the inducement of the principal contracts is for the arbitrators (*Prima Paint Corp.* v. *Flood & Conklin Mfg. Co., supra*; *Lawrence Co.* v. *Devonshire Fabrics,* 271 F. 2d 402, cert. dsmd. 364 U. S. 801). Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.