Conway, Ch. J.
In December, 1950, the appellant, Samuel A. Israel, commenced an action against Wood Dolson Company and the respondent Alexander Gross. The complaint contained two causes of action.
The first cause of action, which was addressed to Wood Dolson, was based upon the alleged breach of a written contract under which Israel was to be entitled to a commission in the event that any future buyer, introduced by Israel to Wood Dolson, purchased certain premises described in the agreement. Israel alleged that he introduced Gross to Wood Dolson; that Wood Dolson effected a sale of the property to Gross or his nominees; that he, Israel, was entitled to the commission agreed upon and that the failure of Wood Dolson to pay the commission constituted a breach of the contract.
The second cause of action, addressed to Gross, alleged that Gross, having knowledge of the agreement between Israel and Wood Dolson, induced Wood Dolson to commit the breach of contract alleged in the first cause of action.
At the opening of trial Israel moved to sever the two causes of action and to have them tried separately. The motion was granted and the trial proceeded against Wood Dolson alone on the first cause of action based solely upon the breach of contract. The jury found for the plaintiff, but the Trial Justice dismissed the complaint on the ground that the testimony showed that plaintiff Israel did not introduce Gross to the transaction, but that defendant Wood Dolson had negotiated with Gross before the plaintiff first discussed the transaction with Gross. No appeal was taken from that determination.
*118 Thereupon, Gross amended his answer to plead the affirmative defense of res judicata, following' which he moved for summary judgment upon the ground that he, Gross, could not be found to have induced Wood Dolson to breach a contract with Israel when a court of competent jurisdiction had adjudicated the fact that no breach of contract had occurred between Israel and Wood Dolson.
Special Term denied the motion for summary judgment upon the theory that a prior judgment generally concludes only the parties or their privies; that under the doctrine of res judicata the estoppel of the judgment must be mutual; that such mutuality was lacking here and that the defendant had not brought himself within any of the recognized exceptions to the rule requiring mutuality of estoppel.
The Appellate Division unanimously reversed, holding that the exceptions to the rule of mutuality should be as broad as the requirements of justice and practical necessity and that it would be entirely incongruous to allow Israel a second chance to prove a breach of contract which he failed to establish after full opportunity on the trial of his action against Wood Dolson.
The sole issue before us, therefore, is whether the dismissal of Israel’s complaint against Wood Dolson, upon the ground of his failure to prove a breach of contract upon the trial of the first cause of action, is a defense available under the doctrine of res judicata as between Israel and Gross on the second cause of action for inducing the breach of the same alleged contract.
The common-law doctrine of res judicata, designed to bar relitigation of adjudicated issues, is the law’s recognition of the fact that it is to the interest of the State that there should be an end to litigation. The doctrine, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein (Good Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 17; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304). It is likewise generally stated that the plea of res judicata is available only to parties to the prior action or their privies, and that the estoppel of the judgment must be mutual. Nevertheless, there are a number of cases holding that to this latter rule there are exceptions.
*119 Appellant Israel concedes that an exception to the mutuality concept is made in cases where the relationship between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee, but contends that no exception should be made where none of those relationships is shown to have existed.
The exceptions in the above-enumerated classes of cases resulted from the recognition that under certain circumstances a rigid adherence to the mutuality concept would defeat the policy underlying the doctrine of res judicata, viz., interest republicae ut sit finis litium. Thus, as we said in Good Health Products Corp. v. Emery (275 N. Y. 14, 18, supra): “ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and ‘ had full opportunity to litigate the issue of its responsibility.’ (See Liberty Mutual Ins. Co. v. Colon, 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.
‘1 Where the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available.”
It will be seen, therefore, that the fact that a party has not had his day in court on an issue as against a particular litigant is not decisive in determining whether the defense of res judicata is applicable.
In cases involving the relationship of principal and agent, master and servant, or indemnitor and indemnitee, the liability of more than one party turns on, or is dependent upon, identical issues. In such situations when the complaining party has been given a full opportunity to litigate those issues against one of the parties, and has been defeated on grounds other than a personal defense, he is not permitted to relitigate the same issue in a new action against the other. The unilateral char *120 acter of the estoppel in such cases is warranted by the policy of the doctrine of res judicata — that there be an end to litigation.
So, here, the liability of Wood Dolson and Gross turns on an identical issue. For Israel to succeed on his second cause of action against Gross, he would have to prove: (1) the existence of a valid contract between Wood Dolson and himself; (2) the defendant’s knowledge of that contract; (3) the defendant’s intentional procuring of the breach of that contract by Wood Dolson, and (4) damages. (See, e.g., Lamb v. Cheney & Son, 227 N. Y. 418; Hornstein v. Podwitz, 254 N. Y. 443.) An essential element of the case against Gross is the breach of the contract by Wood Dolson. Israel’s second cause of action must fail if there was no such breach. Israel has had a full opportunity to prove such breach in his suit against Wood Dolson in a court of competent jurisdiction. That court has found no breach and, under the principle mentioned above, plaintiff may not relitigate that issue.
Our holding here is not to be treated as adding another general class of cases to the list of 11 exceptions ’ ’ to the rule requiring mutuality of estoppel. It is merely the announcement of the underlying principle which is found in the cases classed as “ exceptions ” to the mutuality rule. In Eissing Chem. Co. v. People's Nat. Bank of Brooklyn (205 App. Div. 89, affd. 237 N. Y. 532) and Cohen v. Dana (275 App. Div. 723, affd. 300 N. Y. 608), while affirming without opinion, this court recognized that in determining the applicability of the doctrine of res judicata as a defense, the test to be applied is that of “ identity of issues.”
The cases of Davies v. Stumpf (262 App. Div. 499, affd. 288 N. Y. 702, 704) and St. John v. Fowler (229 N. Y. 270), relied upon by appellant Israel, are not controlling since they did not present situations involving an identity of issues warranting the invocation of the doctrine of res judicata.
The judgment should be affirmed, with costs.
Desmond, Fuld, Fboessel, Van Voobhis and Btjbke, JJ., concur; Dye, J., taking no part.
Judgment affirmed.