## (May 25, 1961)

■ JOSEPH R. WOLFSON et al., Respondents, v. ARNOLD A. MANDELL et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered December 30, 1960, in New York County, which denied a motion by defendants for summary judgment under rule 113 of the Rules of Civil Practice.

*Per Curiam.* The plaintiffs in their complaint allege a contract with one Al Lemos "granting the plaintiffs the exclusive right for the promotion, distribution and sale of a certain pencil model epilator manufactured by said Lemos, commencing on or about October 3rd, 1958 and continuing until March 31, 1970 with the right to renew the same, as more fully set forth in the most

recent contract entered into on or about April 1st, 1960, a copy of which is annexed hereto and made a part hereof." There are allegations tending to show that defendants willfully induced and procured the breach of said contract by Lemos. The plaintiffs' first cause of action is framed to recover damages for the alleged wrongful acts of defendants; and the second cause of action, alleging that defendants "are presently selling and distributing the aforesaid pencil model epilator or hair remover in violation of the plaintiff's exclusive rights," is framed for injunctive relief against defendants.

It appears, however, that the April 1, 1960 contract between plaintiffs and Lemos has been judicially determined to have been terminated by reason of plaintiffs' breach thereof. An action was brought by plaintiffs against Al Lemos in the United States District Court in Florida to enjoin distribution and sales of the pencil model epilator in violation of the said contract of April 1, 1960. In said action, plaintiffs further sought an accounting by Lemos for sales in violation of said contract and the recovery of damages sustained by plaintiffs by reason of acts of Lemos in violation of said contract. The issues in said action were referred to a sole arbitrator, and in an opinion and award by him, duly made and filed, the said arbitrator found that said contract represented "a mutual termination and revocation of the previous agreement of October 3, 1958, and the amendments subsequently or contemporaneously made by the parties thereto"; that the plaintiffs, however, did not enter into the contract in good faith, and that, by virtue of a conflicting contract by plaintiffs with a third party and their acts in violation of the April 1, 1960 contract, "Lemos was entitled to and did rescind and terminate his contractual relationship with [plaintiffs] * * * that he was not thereafter obligated to perform under the terms of his contract of April 1, 1960" with plaintiffs. It was duly determined in said Federal District Court action that the April 1, 1960 contract "was effectively terminated by Al Lemos lawfully and for justifiable cause on or about May 6, 1960".

The determination of the said action brought by the plaintiffs against Lemos in the Federal District Court operates to bar the plaintiffs here from relief insofar as the same is sought upon the basis of alleged contractual rights stemming from the April 1, 1960 contract. Clearly, the plaintiffs can have no right to recover damages or injunctive relief for alleged acts of defendants claimed to have effected or to result in a violation of the said contract. (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116.)

It is true that plaintiffs' first alleged cause of action contains allegations of contractual relations stemming from an alleged agreement with Lemos dated from October 3, 1958, and modifications thereof, and antedating the April 1, 1960 contract. But the acts of the defendants alleged to be in violation of plaintiffs' rights are acts apparently occurring after April 1, 1960, and, in any event, do not appear to be in violation of plaintiffs' contractual rights existing before such date. There is, however, some proof in the papers submitted that the plaintiffs may have a cause of action for wrongful acts of the defendants inducing the breach of the October 19, 1958 agreement or in interference with the contractual relations between the parties existing prior to the April 1, 1960 contract. Such a cause of action, however, is not pleaded. This motion by defendants for summary judgment is not to be defeated because of the existence of such a cause of action which is not pleaded, if it does exist; and under the circumstances the plaintiffs should be given leave to serve a further amended complaint. (See *Elsfelder* v. *Cournand*, 270 App. Div. 162, 165; *Bright* v. *O'Neill*, 3 A D 2d 728.)

Accordingly, the order entered December 30, 1960, denying defendants' motion for summary judgment should be reversed, on the law, with costs and disburse-

ments to defendants-appellants, and the motion of defendants for summary judgment dismissing the complaint should be granted, with costs, with leave, however, to the plaintiffs-respondents to serve an amended complaint.

Botein, P. J., McNally, Stevens, Eager and Bastow, JJ., concur.

Order entered on December 30, 1960, denying defendants' motion for summary judgment unanimously reversed, on the law, with $20 costs and disbursements to defendants-appellants, and the motion of defendants for summary judgment dismissing the complaint granted, with $10 costs, with leave, however, to the plaintiffs-respondents to serve an amended complaint.