Louis A. BRESLERMAN, Plaintiff,

v.

AMERICAN LIBERTY INSURANCE COMPANY, Commercial Union Fire Insurance Company of New York and Monarch Insurance Company of Ohio, Defendants.

United States District Court
S. D. New York.
June 10, 1963.

Harry H. Goebel, New York City, for plaintiff.

Rein, Mound & Cotton, New York City, for defendant, Ernest E. Rosenberg, New York City, of counsel.

WYATT, District Judge.

This is a motion by the three defendants (1) under Fed.R.Civ.P. 15(d) for permission to serve a supplemental answer and (2) under Fed.R.Civ.P. 56(b) for summary judgment in their favor.

The action is on policies of fire insurance issued by defendant companies covering six houses owned by plaintiff at Oceana, Virginia and which were destroyed by fire on November 13, 1957. Each house was separately insured with one of the defendant companies. Each defendant issued two fire insurance policies, each such policy covering one of the houses. The action was commenced in this court on March 17, 1958. Jurisdiction is founded on diversity of citizenship.

Before commencement of this action and on March 5, 1958 two of the defendants—American Liberty and Commercial Union—commenced each an action against plaintiff for a declaratory judgment in the Circuit Court of the City of Norfolk, Virginia.

The point raised in these Virginia declaratory judgment actions was that the

four houses insured by the two defendants had been vacant for more than 60 days before the fire which destroyed them and that under a provision of the respective policies this vacant condition relieved defendants of liability.

Plaintiff here (defendant in the two Virginia actions) was served with process in Virginia on March 5, 1958.

After commencement of his action in this Court shortly thereafter, plaintiff applied to this Court for an order enjoining prosecution of the Virginia actions. Among other things, he argued to this Court that he had been by fraud and deceit of defendants enticed into Virginia so that process could be served upon him. Judge Sugarman denied his application, pointing out that enticement, fraud and deceit should be raised before the Virginia Court on an application to that Court for a vacatur of service of process.

Plaintiff thereupon made a special appearance in the Virginia Court and moved "to quash process" on the ground that service had been made on him in Virginia "by fraud, trickery and enticement" and that the Virginia Court lacked jurisdiction. After hearing and on December 5, 1958 the motion to quash was denied. Thereafter defendant filed an answer in the Virginia actions on the merits.

The two declaratory judgment actions in Virginia were consolidated and after two trials and an intermediate appeal to the Supreme Court of Virginia (201 Va. 822, 113 S.E.2d 862) final judgment was entered on March 8, 1961 in favor of the plaintiff fire insurance companies (two of the defendants here). This final judgment was affirmed by the Supreme Court of Virginia.

The two insurance companies were held by the Virginia Court not liable on the policies issued by them because the houses insured had been vacant before the fire for longer than 60 days. There had been no issue as to this fact. The principal issue litigated in the Virginia actions (consolidated) was whether there had been a waiver of the "vacancy" provision by the two companies involved—American Liberty and Commercial Union—in that plaintiff asserted that the agent of the two companies had knowledge when the policies were issued of the vacant condition of the four houses. The Virginia Court determined that there had been no such knowledge on the part of the agent.

There is thus a final judgment of a Virginia Court having jurisdiction of the parties and subject matter. This judgment is that defendant American Liberty is not liable to plaintiff on its policy insuring the house at 128 Bob Lane in Oceana (first cause of action here) or on its policy insuring the house at 126 Bob Lane in Oceana (second cause of action here); and that defendant Commercial Union is not liable to plaintiff on its policy insuring the house at 127 Matt Lane in Oceana (third cause of action here) or on its policy insuring the house at 129 Matt Lane in Oceana (fourth cause of action here).

The Virginia judgment would seem to be conclusive as to the first and second causes of action against defendant American Liberty and the third and fourth causes of action against defendant Commercial Union, this under ordinary principles of *res judicata* as well as the "full faith and credit" clause of the Constitution.

Plaintiff attempts to avoid the *res judicata* principle by asserting that the Virginia Court had no jurisdiction by reason of the entrapment, fraud and deceit in the manner of service of process.

■ The difficulty for plaintiff is that he raised and litigated the jurisdictional issue in Virginia and it was decided against him. He has had his day in court on this issue. There is no difference in this respect between issues affecting jurisdiction and any other issue. As Mr. Justice Brandeis said: "The principles of *res judicata* apply to questions of jurisdiction as well as to other

"issues." American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 102, 77 L.Ed. 231 (1932).

The cases cited for plaintiff do not really involve this point, because they are decisions on the jurisdictional issue itself rather than decisions on the effect of a prior determination of jurisdiction in another action between the parties.

 The position taken by defendants American Liberty and Commercial Union seems clearly correct; they are entitled to the relief sought.

But what about defendant Monarch which has moved for the same relief? Here the situation is quite different.

Monarch issued two policies, one covering a house of plaintiff at 125 Matt Lane in Oceana (fifth cause of action here), and the other covering a house of plaintiff at 130 Bob Lane in Oceana (sixth cause of action here).

Monarch brought no action in Virginia. No question of its liability was litigated in Virginia. It had no joint liability of any sort with those who brought the Virginia actions; its policies were separate and covered separate and different houses of plaintiff.

 There is ordinarily no res judicata effect of a judgment except as between the parties to the judgment or those in privity with them, and the estoppel of the judgment must be mutual.

Even if the Virginia judgment were available to Monarch, how could it benefit thereby? The Virginia judgment does not declare that Monarch is not liable to plaintiff; it does not mention Monarch.

 What defendant Monarch seeks is to have this Court determine (a) that the only issue between plaintiff and defendant Monarch is whether the agent had knowledge when issuing the two Monarch policies of the vacant condition of the houses at 125 Matt Lane and 130 Bob Lane and (b) that this issue was litigated in Virginia and plaintiff is concluded thereby.

The short answer would seem to be that whether the agent had knowledge of vacancies at 125 Matt Lane and 130 Bob Lane was *not* litigated in Virginia; these houses and the relevant policies were not in any way involved in the Virginia actions.

Defendant Monarch cites Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956) as establishing exceptions to the *res judicata* principle that there must be an identity of parties in the two actions. In an action by Israel against Wood Dolson Co., it was held that Wood Dolson Co. had not broken a contract with Israel. In a second action by Israel against Gross, Israel charged that Gross had induced Wood Dolson Co. to break its contract with Israel. Although Gross had not been a party to the first action, the Court of Appeals held that the first judgment was available to him as *res judicata* on the issue whether Wood Dolson Co. had broken its contract with Israel. The Court said that this was because "the liability of Wood Dolson and Gross turns on an identical issue" and that Israel "may not relitigate that issue" (1 N.Y. 2d at 120, 151 N.Y.S.2d at 5, 134 N.E.2d at 99). The Court pointed out that "[w]here the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available" (1 N.Y.2d at 119, 151 N.Y.S. 2d at 4, 134 N.E.2d at 99).

In the case at bar, the issue whether the agent had knowledge of the 125 Matt Lane and 130 Bob Lane vacancies is not the same issue as that litigated in Virginia, namely, whether the agent had knowledge of the 126 Bob Lane, 128 Bob Lane, 127 Matt Lane and 129 Matt Lane vacancies. The exception to the mutuality doctrine recognized in Israel v. Wood Dolson Co. is not applicable here because there is not "an identical issue".

The motion by defendants American Liberty Insurance Company and Commercial Union Fire Insurance Company of New York is granted and treating supplemental answers as filed by said defendants and finding that there is no

genuine issue as to any material fact and that said defendants are entitled to a judgment as a matter of law based on the final judgment of March 8, 1961 of the Circuit Court of the City of Norfolk, Virginia, the Clerk is directed to enter judgment in favor of said defendants American Liberty Insurance Company and Commercial Union Fire Insurance Company of New York.

The motion by Monarch Insurance Company of Ohio is denied.

So ordered.