LIQUIFUELS, INC., Plaintiff,

v.

HESS OIL AND CHEMICAL COMPANY, Inc., Defendant.

No. 68 Civ. 313.

United States District Court
S. D. New York.
March 20, 1968.

Richard deY. Manning, New York City, for plaintiff; J. P. Catuzzi, Jr., New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant; Edward J. Reilly, Jr., New York City, of counsel.

## OPINION

HERLANDS, District Judge:

The Court decides that all proceedings herein shall be stayed until the final determination of the arbitration proceeding presently pending between plaintiff and Atlas Development, S.A.; that defendant's time to answer or move with respect to the complaint and the interrogatories of plaintiff dated February 21, 1968 shall be enlarged until ten days after the date of the filing of the order to be settled upon this decision.

The objective of this decision is to avoid the unnecessary expenditure of time, effort and expense on the part of the Court, counsel and the litigants in an action that may soon be moot. See Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

The aforesaid arbitration hearing is scheduled to commence on April 23, 1968. The demand for arbitration, dated August 28, 1967, was made by plaintiff, pursuant to an express arbitration clause contained in paragraph "13" of the contract (entered into as of April 27, 1965) between plaintiff and Atlas Development, S.A. The claim or relief sought by plaintiff in the arbitration proceeding is for specific performance of said contract and damages for breach of that contract.

It is likely that plaintiff would be estopped from maintaining this action for defendant's allegedly tortious inducement of a breach of the contract between plaintiff and Atlas Development, S.A. should the arbitration panel determine that the contract had not been breached and should a judgment be entered upon that award. Horowitz v. Alley Pond Park Apartments No. 1, Inc., 205 N.Y.S. 2d 554 (Sup.Ct.1960), aff'd, 14 A.D.2d 816, 218 N.Y.S.2d 531 (2d Dep't. 1961); Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956); Wolfson v. Mandell, 13 A.D.2d 760, 215 N.Y.S.2d 658 (1st Dep't. 1961), aff'd, 11 N.Y.2d 704, 225 N.Y.S.2d 961, 181 N.E.2d 217 (1962).

On the other hand, should the panel decide that the contract had been violated by Atlas Development, S.A., any award of damages may have a substantial practical impact upon the conduct of the litigation at bar: (1) the award may be relevant to the issue of damages herein; (2) the proofs presented at the arbitration hearing would probably disclose evidence, information, clues and leads pertinent to the pending and additional pretrial discovery and inspection herein. It is unlikely that the award would be "esoteric and of little probative value to the action before this Court", as plaintiff's attorney argues.

The defendant has sustained its burden of establishing that a stay is warranted.

In the exercise of its discretion, the Court grants defendant's motion. See Nederlandse Erts-Tankers-Maatschappij v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964) [setting forth rules for the guidance of the district court].

Plaintiff may move to vacate the stay if the arbitration proceedings have not been concluded after a stated and limited period of time which is to be specified in the order to be settled in accordance with this decision.

Settle order on five days' notice.