■ MAUTNER GLICK CORP. et al., Appellants, v EDWARD LEE CAVE, INC., et al., Respondents, et al., Defendant.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered March 14, 1989, which granted defendants-respondents Edward Lee Cave, Inc., Robert Higginson, Betty Higginson, Douglas Elliman-Gibbons and Ives, Inc. (DEGI) and Nassid Lahoud's motion to dismiss the first cause of action for breach of contract as to defendant Lahoud only, and which granted defendants-respondents' motion to dismiss the second cause of action for conspiracy to tortiously interfere with plaintiffs' contract with defendant-respondent Edward Lee Cave, Inc., unanimously affirmed, with costs.

Plaintiffs contend that defendants conspired to tortiously interfere with a cobrokerage agreement between plaintiffs and defendant-respondent Edward Lee Cave, Inc. However, as stated in *Israel v Wood Dolson Co.* (1 NY2d 116, 120), as a predicate to a right of recovery for tortious interference with the performance of a contract, the following four requirements must be met: a valid contract must be shown to exist; defendants must be shown to have known of the contract; defendants must be shown to have intentionally procured the breach of that contract; and damages flowing from that interference must be shown. Plaintiffs have failed to allege that either the Higginsons or DEGI knew of the cobrokerage agreement between the plaintiffs and defendant-respondent Edward Lee Cave, Inc.

Plaintiffs have also failed to show that they would have been entitled to a brokerage commission. To sustain an award of commissions on a brokerage contract, a plaintiff broker must show substantially more than that he "initially called the property to the attention of the ultimate purchaser" *(Greene v Hellman,* 51 NY2d 197, 205). To be entitled to a commission, a broker must demonstrate that he was the "procuring cause of the sale * * * [bringing] together the 'minds of the buyer and seller' " *(Greene v Hellman,* 51 NY2d, *supra,* at 206; *see also, Sibbald v Bethlehem Iron Co.,* 83 NY 378). Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.