■ JOSEPH WINSTON, Respondent, v RAYMOND HERNICK, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 22, 1989 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sued defendant to recover for severe burns sustained from hot tar plaintiff was carrying while he was assisting in repairing the roof of defendant's residence. It is true that the factual basis of recovery pleaded in plaintiff's complaint was that he tripped and fell due to a dangerous hole in the roof of defendant's house and that, in plaintiff's examination before trial (hereinafter EBT), he negated any relationship between the hole and his fall. However, in a second, verified bill of particulars, accepted by defendant, plaintiff averred that there were multiple hazardous conditions and that defendant's negligence consisted of failing to properly warn, supervise and direct plaintiff and in directing that the repair work go forward without an adequate number of workers. In our view, plaintiff's testimony at the EBT and the reasonable inferences that can be drawn therefrom are sufficient to raise a triable issue of fact on defendant's negligence.

Defendant, the owner of the house where the roof repairs were taking place, was plaintiff's foreman at the roofing company where both parties were employed. Plaintiff was engaged in the repair work at defendant's request. Defendant was participating in the work and it can be inferred that he was generally directing it. Applying hot tar on the roof of a house can reasonably be considered a hazardous activity. According to plaintiff, in his regular employment he functioned as a mopper—applying hot tar to roofs. At the time of the accident, however, he was required to perform an additional, unfamiliar function of carrying the hot tar to the place of application because of insufficient manpower on the job. He testified that he tripped and fell, either over a piece of raised tar paper or on becoming stuck to spillage from the buckets of tar he was carrying. The foregoing facts could support a finding that injury to plaintiff in falling and being severely burned by the hot tar was foreseeable and that defendant landowner, who requested, directed and participated in the

work, failed to exercise due care to prevent it *(see, Schoonmaker v Ridge Runners Club 99,* 119 AD2d 858, 860-861, *appeal dismissed* 68 NY2d 807).

Recovery on the basis of the foregoing facts, however, would be outside the scope of the complaint, although defendant was on notice thereof from the second bill of particulars and fully explored them at the EBT. Accordingly, defendant's motion should have been granted, but with leave to serve an amended complaint to conform to his proof at the EBT *(see, Blue Cross v Wheeler,* 93 AD2d 995, 996; *Wolfson v Mandell,* 13 AD2d 760, 761, *affd* 11 NY2d 704).

Order reversed, on the law, without costs, and motion granted with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered upon this court's decision. Kane, J. P., Yesawich, Jr., and Levine, JJ., concur.

Casey and Mikoll, JJ., dissent and vote to reverse in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Plaintiff failed to supply any facts from which it can be inferred that defendant was negligent in causing plaintiff's injuries. Plaintiff, an experienced roofer, volunteered to help defendant replace a flat roof on defendant's property. While working as a mopper (one who applies tar), he opted to go pick up two five-gallon buckets of hot tar. He has not alleged that he was directed to do so. Defendant was not in the immediate vicinity when plaintiff picked up two 50-pound buckets. While carrying them, plaintiff unfortunately spilled tar on the roof, his foot adhered and he fell, spilling hot tar on his body.

Supreme Court's order should be reversed and defendant's motion for summary judgment dismissing the complaint granted.