(November 15, 1993)

■ BROOKLYN HOSPITAL—CALEDONIAN HOSPITAL, Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant. [603 NYS2d 182] —In an action, *inter alia,* for a judgment declaring that the defendant Medical Liability Mutual Insurance Company has a duty to contribute to the cost of indemnifying the plaintiff's doctors in a separate medical malpractice action, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), entered June 4, 1991, as, upon reargument, adhered to a prior determination of the same court, entered March 11, 1991, which granted the motion of the defendant Medical Liability Mutual Insurance Company to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 7, 1979, Wendy Ottomanelli commenced an action on behalf of herself and her infant daughter against the Caledonian Hospital (hereinafter the plaintiff) and certain doctors to recover damages for medical malpractice. Ottomanelli alleged that she and her infant daughter had sustained injuries as a result of the care and treatment that she had received while she was a patient at the plaintiff's obstetrical clinic. The doctors cross-claimed against the plaintiff seeking

to enforce the provisions of their service agreements in which the plaintiff had agreed to defend and indemnify them in medical malpractice actions arising out of the care and treatment they rendered to patients in the plaintiff's obstetrical clinic. The doctors moved for summary judgment on their cross claims. The Supreme Court, Kings County (Shaw, J.), granted the motion. By order dated December 3, 1981, the same court granted the plaintiff's motion for reargument and, upon reargument, adhered to its prior determination.

In adhering to its prior determination, the Supreme Court held, "Malpractice claims by the doctor's own private patients in the hospital are the sole responsibility of the doctor, for which he must carry malpractice insurance coverage. Malpractice claims against the doctor by the [plaintiff's] own clinic patients * * * are the sole responsibility of [the plaintiff] and this responsibility would encompass both the defense and payment of any such claims * * * The allegation that [the doctors] have malpractice insurance covering the alleged malpractice herein but that [the plaintiff] has no such coverage is irrelevant to [the plaintiff's] responsibility in this case. [The plaintiff] cannot shift this burden onto the doctors or their insurance carrier." The plaintiff appealed the Supreme Court's determination to this Court which affirmed it without opinion (Ottomanelli v Caledonian Hosp., 90 AD2d 1003).

On December 29, 1989, the plaintiff commenced this action against, inter alia, Medical Liability Mutual Insurance Company (hereinafter the defendant) for a judgment declaring that the defendant has a duty to contribute to the defense and indemnification of the doctors in the Ottomanelli action. The defendant moved to dismiss the action pursuant to CPLR 3211 (a) (5) on the grounds of res judicata and collateral estoppel. By an order of the Supreme Court, Kings County (Scholnick, J.), entered March 11, 1991, the defendant's motion to dismiss the plaintiff's complaint was granted. Thereafter, the plaintiff moved for reargument. By an order entered June 4, 1991, the court granted reargument and adhered to its prior determination on the ground that the claim was barred by the doctrine of collateral estoppel. The plaintiff now appeals.

We find, contrary to the plaintiff's contentions, that the Supreme Court properly held that the present action is not maintainable because of the doctrine of collateral estoppel (see, CPLR 3211 [a] [5]). Although the defendant was not a party to the prior action, it need not have been one in order to invoke the doctrine (see, Israel v Wood Dolson Co., 1 NY2d 116). The issue of the defendant's obligation to insure the

plaintiff's doctors against their medical malpractice was raised and rejected in the prior action. The Supreme Court, Kings County (Shaw, J.) held that the defense and indemnity of the doctors with respect to the plaintiff's own clinic patients was the *sole responsibility* of the plaintiff, and the plaintiff could not shift this burden onto the insurance carrier. In seeking contribution, the plaintiff is attempting to shift this burden onto the defendant. The plaintiff has had a full and fair opportunity to litigate the extent of its responsibility to defend and indemnify the doctors in the *Ottomanelli* action and cannot reasonably demand a second opportunity to litigate the same issue *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.