10-0261-cv
Astra Media Group, LLC  v. Clear Channel Taxi Media, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand eleven.

PRESENT:
> AMALYA L. KEARSE,
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*.

————————————————————————————

Astra Media Group, LLC,

> *Plaintiff-Appellant*,

> v.                                      10-0261-cv

Clear Channel Taxi Media, LLC, and The New York City Taxi and Limousine Commission,

> *Defendants-Appellee*s.

————————————————————————————

FOR APPELLANT:                    DAVID W. PHILLIPS, LeClair Ryan, New York, NY.

FOR APPELLEES:                    DONNA M. DOBLICK (Emily Bab Kirsch and James C. Martin, *on the brief*) Reed Smith LLP,

1

Pittsburgh, PA, *for Defendant-Appellee Clear Channel Taxi Media, LLC*.

MORDECAI NEWMAN (Larry A. Sonnenshein, Sheryl R. Neufeld, *on the brief*), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellee New York City Taxi & Limousine Commission*.

Astra Media Group, LLC appeals from the judgment of United States District Court for the Southern District of New York (Buchwald, *J.*) dismissing its complaint against Clear Channel Taxi Media, LLC under Federal Rule of Civil Procedure 12(b)(6) and granting summary judgment against it on its claims against the New York City Taxi and Limousine Commission ("TLC").[1] Although we **AFFIRM** the district court's dismissal of Astra Media's Sherman Act claim against Clear Channel for reasons similar to those given by the district court in its opinion, *Astra Media Group, LLC v. Clear Channel Taxi Media, LLC*, 679 F. Supp.2d 413, 424-25 (S.D.N.Y. 2009), because the district court summarily dismissed that claim and the complaint's only other federal claim (which has not been pursued on appeal), and plaintiff's remaining claims were not otherwise removable to federal court, we **VACATE** so much of the judgment as dismissed Astra Media's state-law claims and **REMAND** those claims to the district court for entry of an order remanding those claims to the state court from which the action was removed. *See* 28 U.S.C. § 1441(b) and (c). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

---

[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

The district court dismissed Astra Media's claim that Clear Channel engaged in predatory pricing in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. We review dismissals under Rule 12(b)(6) *de novo*. *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a motion to dismiss, a complaint must comport with the minimal requirements set forth in Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Although Rule 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief," *Iqbal* requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This involves a two-step process. First, conclusory statements must be disregarded, and, second, the remaining factual assertions must, when read together, make a plausible case for relief. *Id.* at 1949-50. The complaint must be dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct . . .." *Id.* at 1950.

Reviewing this portion of the complaint *de novo*, we agree with the district court that the predatory pricing claim is insufficiently pled. A defendant's pricing practice violates the Sherman Act only if the plaintiff can "prove that the prices complained of are below an appropriate measure of [the defendant's] costs." *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222 (1993). The complaint fails properly to allege as much.

To begin with, Astra Media fails to allege plausibly that Clear Channel's price with respect to the Disney Theatrical bid was below cost. The complaint is silent with respect to what price Clear Channel ultimately charged Disney or what Clear Channel's actual costs were. Instead, Astra Media simply states that $170 per taxicab per month "is close to the industry

3

standard" cost for contracts such as Disney's and that, to the extent Clear Channel priced below this, Clear Channel was carrying advertising below its actual cost. These assertions are both conclusory. First, Astra Media provides no facts to support its contention that $170 is actually close to the standard industry cost. It is unclear from the complaint whether the industry standard is higher or lower than $170 or by how much. Second, it gives no basis to infer reasonably that Clear Channel—which, as the largest supplier of taxi-tops in New York City, may enjoy substantial economies of scale—has the same cost structure as the rest of the industry. Astra Media, therefore, failed properly to plead that Clear Channel's prices were below an appropriate measure of its costs.[2]

That said, even if the complaint did contain adequate factual assertions about Clear Channel's price and cost with respect to Disney, these assertions are still limited to a single bid for a single contract. In a business environment in which the competing parties have entered into numerous contracts with numerous parties for the provision of rented advertising space,[3] an allegation that one of those contracts provides below-cost prices for services is insufficient to allege predatory pricing. An inference of predation will only arise when a defendant engages in economically irrational activity; and when that activity principally involves pricing, it is economically irrational only if it hurts a defendant's bottom line. *See* Phillip Areeda and Donald

---

[2] Because we determine that Astra Media did not sufficiently plead this element of predatory pricing, there is no need for us to consider the sufficiency of the complaint with respect to the claim's second element—recoupment.

[3] The complaint demonstrates throughout that both Clear Channel and Astra Media contracted with various different advertisers to rent space on their taxi-tops. *See, e.g.*, Compl. ¶ 81 ( "[a] number of valid contracts also existed between Astra Media and advertisers who agreed to advertise on Astra Media rooftops."); *id* ¶ 3 (stating that Clear Channel "at all times relevant herein" had over 70 percent of the taxi-top market).

F. Turner, *Predatory Pricing and Related Practices Under Section 2 of the Sherman Act*, 88 Harv. L. Rev. 697, 703 (1975) (sacrifice of short-run profits is a necessary condition of predation); *see also Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc.*, 601 F.2d 48, 55 (2d Cir. 1979) (Friendly, *J.*) (requiring evidence that a limited newspaper giveaway would produce at least a short-term loss for defendant's operations taken as a whole). With this in mind, "[c]ourts have been wary of plaintiffs' attempts to prove predatory pricing through evidence of a low price charged for a single product out of many, or to a single customer." *Morgan v. Ponder*, 892 F.2d 1355, 1362 (8th Cir. 1989) (citing, *inter alia*, *Buffalo Courier-Express*). Here, the complaint provides no reasonable inference that a company as large as Clear Channel would suffer a meaningful loss from underpricing a single contract. The district court, therefore, correctly dismissed the predatory pricing claim.

The presence of this federal Sherman Act claim in the complaint was the sole alleged basis for removing the case from state court. *See* Def.'s Notice of Removal, April 20, 2009, Dkt. No. 1. Without that claim or the federal discrimination claim that was also dismissed, Astra Media's action would not have been removable to federal court. *See* 28 U.S.C. § 1441(b). Having dismissed Astra Media's Sherman Act and federal discrimination claims, the district court was left with only the state-law claims, which were "otherwise non-removable" to federal court, and the district court had discretion to "remand" to the state court "all matters in which State law predominate[d]." *Id.* § 1441(c); *see also* § 1367(c)(3) (district court has discretion to exercise supplemental jurisdiction over related state-law claims when it "has dismissed all claims over which it has original jurisdiction"). In this case, the district court should have exercised its discretion to remand.

Although sections 1441(c) and 1367(c) are permissive rather than mandatory, we have generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims. This has been especially true where the state law governing these claims is unsettled. *See*, *e.g.*, *Giordano v. City of New York*, 274 F.3d 740, 754-55 (2d Cir. 2001); *Oliveira v. Frito-Lay, Inc.*, 251 F.3d 56, 64 (2d Cir. 2001); *Fay v. South Colonie Central School District*, 802 F.2d 21, 34 (2d Cir. 1986); *see also Valencia v. Lee*, 316 F.3d 299, 306-08 (2d Cir. 2003) (reversing—after the case had been tried—the district court's exercise of supplemental jurisdiction over "unsettled questions of New York law" where the plaintiffs had conceded before the case was ready for trial, and before any substantive motions had been filed, that "they had no viable federal claims").

Here, it appears that Astra Media's remaining claims raise unsettled questions of state law. Perhaps most importantly, there is a question as to whether the New York courts have adopted—or would adopt—the *Iqbal* pleading standard, under which several of Astra Media's claims were dismissed by the district court. In addition, the contours of New York law governing claims of tortious interference with contract are not entirely clear. *Compare Guard-Life Corp. v. S. Parker Hardware Manufacturing Corp.*, 50 N.Y.2d 183, 194 (1980) (stating that recovery is possible on a tortious interference with contract claim even in the absence of breach of contract), *with Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996) (citing *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 120 (1956), which predates *Guard-Life*, for the proposition that breach of contract is an essential element of the claim). The New York courts

are better suited to resolve these issues than either this Court or the district court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, the portion of the district court's judgment dismissing Astra Media's Sherman Act and federal discrimination claims are **AFFIRMED**, but the remainder of the judgment is **VACATED** and the state-law claims are **REMANDED** to the district court for entry of an order remanding the state-law claims to the state court from which the action was removed.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7