D. Penguin Bros. Ltd. v City Natl. Bank (2018 NY Slip Op 08443)





D. Penguin Bros. Ltd. v City Natl. Bank


2018 NY Slip Op 08443


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Moulton, JJ.


7849 158949/14

[*1]D. Penguin Brothers Ltd., et al., Plaintiffs-Appellants-Respondents,
v
City National Bank, et al., Defendant, NBUF Development Ltd., et al., Defendants-Respondents-Appellants.


Gordon & Haffner, LLP, Harrison (David Gordon of counsel), for appellants-respondents.
Dentons US LLP, New York (Charles E. Dorkey, III of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about September 13, 2017, which granted defendants James Robert Williams, NBUF Development Ltd., Black United Fund of New York, Inc., Inner City Strategies, and First Pro Group, Inc.'s (the Williams defendants) motion to dismiss the complaint as against them with respect to the conversion claims and the claims for fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty as against NBUF Development, Black United Fund, and First Pro, and denied the motion with respect to the accounting, specific performance, and breach of contract claims, unanimously modified, on the law, to deny the motion with respect to the conversion claims and the claims for fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty as against NBUF Development, Black United Fund and First Pro, and otherwise affirmed, without costs.
The claims against the Williams defendants are not barred by the doctrine of res judicata, because the Williams defendants' alleged liability is in no way derivative of or affected by the liability of defendant National Black United Fund, Inc. in the prior action, and there is no other indicator of privity between the Williams defendants and National Black United Fund (see Israel v Wood Dolson Co., 1 NY2d 116, 119-120 [1956]).
The fraud claim is the gravamen of this case; it is not, as the Williams defendants contend, merely incidental to the conversion claim. Thus, the claims for conversion are governed by the six-year, rather than the three-year, statute of limitations (see D. Penguin Bros. Ltd. v City Natl. Bank, 158 AD3d 432 [1st Dept 2018]).
The fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims against NBUF Development, Black United Fund, and First Pro are timely because of the tolling effect of the federal action commenced by plaintiffs in January 2013 (see CPLR 205).
The doctrine of collateral estoppel does not bar the claims against defendants Williams and Inner City Strategies, because the issue decided in the prior action is not identical to the issue in this action (see Buechel v Bain, 97 NY2d 295, 303—304 [2001], cert denied 535 US 1096 [2002]). In the prior action, the issue was whether plaintiffs' allegations against National Black United Fund were sufficient to warrant equitably tolling the statute of limitations. In this action, the issue is the sufficiency for purposes of equitable tolling of plaintiffs' very different allegations against Williams and Inner City Strategies.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK