## Studio 1872 Inc. v Bond St. Levy LLC

2024 NY Slip Op 34548(U)

December 19, 2024

Supreme Court, New York County

Docket Number: Index No. 655646/2021

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. LORI S. SATTLER</u>                    PART                    02M

*Justice*

---------------------------------------------------------------------X

STUDIO 1872 INC.,D/B/A C'EST BEAU 1872,

| | |
|---|---|
| **INDEX NO.** | 655646/2021 |
| **MOTION DATE** | 09/11/2024 |
| **MOTION SEQ. NO.** | 005 |

Plaintiff,

- v -

BOND STREET LEVY LLC,ADVANCED RETAIL
CONSTRUCTION, INC.

**DECISION + ORDER ON
MOTION**

Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125

were read on this motion to/for          <u>        PARTIAL SUMMARY JUDGMENT        </u>.

In this action stemming from the alleged improper filing of a Mechanic's Lien, Plaintiff Studio 1872 Inc., d/b/a C'est Beau 1872 ("Plaintiff") moves for summary judgment as to liability against Defendant Advanced Retail Construction, Inc. ("Defendant") on four of the five causes of action asserted. Defendant opposes the motion. The action was voluntarily dismissed as against Defendant Bond Street Levy LLC ("Landlord") on January 11, 2022 (NYSCEF Doc. No. 36).

As set forth in the First Amended Complaint (NYSCEF Doc. No. 91, "Complaint"), Plaintiff leased commercial space from the Landlord, in which Plaintiff operated a "high end retail store." Plaintiff hired Defendant to perform construction work in the store. Plaintiff alleges this work was completed on December 6, 2019. In March 2020, the store closed due to the Covid-19 pandemic. On July 6, 2021, Defendant filed a Mechanic's Lien for $37,431.72 (NYSCEF Doc. No. 99, "Lien"). The Lien provides that the last time work was performed was November 20, 2020. Thereafter, Plaintiff was served by the Landlord with a July 13, 2021

**655646/2021   STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL          Page 1 of 7**
**Motion No.  005**

1 of 7

[* 1]

Notice of Default under its lease. The Complaint alleges that it did not timely receive a copy of the Lien or the Notice of Default because they were served by hard copy at the store although, according to Plaintiff, both Defendant and the Landlord knew employees were working remotely due to the pandemic.

Plaintiff maintains that the Lien was untimely based on Section 10 of the Lien Law, which provides that notice of a lien may be filed at the latest within eight months after the final performance of the work, and that Defendant misrepresented the final performance of the work as November 20, 2020 instead of December 6, 2019. The Complaint alleges that Plaintiff nevertheless resolved the Lien with Defendant in an effort to cure its default under its lease with the Landlord. Plaintiff paid Defendant $10,000 and a Satisfaction of Lien was filed on August 26, 2021 (NYSCEF Doc. No. 103). It is undisputed that the settlement was negotiated between Plaintiff's counsel and Defendant's Director of Construction, Steve Malley ("Malley"), without the assistance of counsel.

Plaintiff's counsel emailed the Landlord's counsel on August 18, 2021 informing it that it had resolved the Lien with Defendant and sent the Satisfaction of Lien to counsel for the Landlord eight days later when it was filed (NYSCEF Doc. No. 104). The Landlord responded that it refused to accept the default as cured because the Lien was not satisfied within the time prescribed by the lease. It notified Plaintiff that it would be "billing Tenant for all of the costs and expenses incurred to satisfy and discharge the Mechanic's Lien as additional rent" (*id.*). The Complaint alleges that Plaintiff thereafter learned that the Landlord had entered into its own settlement of the Lien with Defendant on August 17, 2021, one day before the settlement with Plaintiff, by agreeing to pay $18,175. According to Plaintiff, neither the Landlord nor Defendant notified it of this settlement.

**655646/2021   STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL**          **Page 2 of 7**
**Motion No.  005**

2 of 7

The Complaint alleges that Plaintiff continued to pay rent pursuant to its lease despite the financial strain caused by the pandemic. However, according to exhibits annexed to Defendant's papers, by 2021 Plaintiff had defaulted on the lease for nonpayment of rent and had claimed hardship pursuant to New York's pandemic-related protections (NYSCEF Doc. Nos. 117, 118, 120, 121). It is against this backdrop that Plaintiff commenced this action in September 2021.

The Complaint alleges that the Landlord and Defendant conspired to fabricate an untimely and improper Lien so that the Landlord would have a basis for a non-economic default under the lease while Defendant could extract funds from Plaintiff to which it was not entitled, both by filing an untimely Lien and by furtively settling the Lien with both Plaintiff and the Landlord. The Complaint asserts five causes of action: 1) civil conspiracy between the Landlord and Defendant; 2) unjust enrichment; 3) fictitious, untimely, and improper lien filing; 4) fraud; and 5) tortious interference with contract. Plaintiff has voluntarily dismissed its claim against the Landlord. It now moves for summary judgment on the second, third, fourth, and fifth causes of action. Defendant opposes.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

A court's function on summary judgment is issue finding rather than issue determination (*Kershaw v Hosp. for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "Credibility

[* 3]

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004], quoting *Anderson v Liberty Lobby, Inc.*, 477 US 242, 255 [1986]).

Section 10(1) of the Lien Law provides: "Notice of lien may be filed . . . within eight months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished . . . ." Plaintiff maintains the work was completed on December 6, 2019 and therefore the July 6, 2021 Lien is untimely. It relies on a Letter of Completion (NYSCEF Doc. No. 96) which states in part: "Please be advised that the work related to the above application is completed and was signed off in the Building Information System (BIS) on 12/06/2019." New York City Department of Buildings records annexed to the motion also show that the project was marked "Signed Off" on December 6, 2019, and the last documents filed on the project, including a Certificate of Occupancy, were filed on that date. It further annexes an Application and Certification for Payment (NYSCEF Doc. No. 74), signed by a representative of Defendant on December 6, 2019, which states: "The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents."

However, in excerpts of Malley's deposition annexed to Plaintiff's papers, he was asked what work was being performed on November 20, 2020 and responded: "We did not have the life safety final on the sprinklers signed off. We were trying to get the inspection" and on that date "[w]e went by the job site to try to get in and see if we could get the fire alarm. I'm pretty sure -- I don't know exactly. I'd have to look. I'm going to say it had something to do with the fire alarm . . . [o]r the sprinkler" (NYSCEF Doc. No. 105, Malley EBT Excerpts, 109).

**655646/2021 STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL** **Page 4 of 7**
**Motion No. 005**

4 of 7

In opposition to the motion, Defendant annexes an affidavit of Malley (NYSCEF Doc. No. 108), in which he maintains that Plaintiff has misstated what a sign-off is, and that the work required multiple sign-offs because there were multiple permits. Defendant annexes another Letter of Completion (NYSCEF Doc. No. 113), which states: "Please be advised that the work related to the above application is completed and was signed off in the Building Information System (BIS) on 09/28/2020." Defendant further annexes email communications between its Project Manager and Plaintiff's architect in April, July, September, and October 2020 related to scheduling a plumbing inspection and obtaining a sign-off on the sprinkler system (NYSCEF Doc. No. 114, 108 at 5-8). Based on the parties' competing versions of when work was performed, the Court finds that material issues of fact exist which preclude a finding that the Lien was untimely. The motion is therefore denied with respect to the third cause of action.

For the same reasons, the Court finds the motion must be denied with respect to the fraud cause of action. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). As stated, issues of fact exist as to whether Defendant made a material misrepresentation of fact with knowledge of its falsity when it represented that the work was ongoing as of November 20, 2020.

As to Plaintiff's unjust enrichment cause of action, it must show that Defendant was enriched at Plaintiff's expense, and that "it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotations omitted]). The latter question is "the essential inquiry" when considering unjust enrichment claims (*id.*). To make such a determination, courts "look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the

**655646/2021   STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL**       **Page 5 of 7**
**Motion No.  005**

[* 5]                                                                     5 of 7

benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent" (*Columbia Mem. Hosp. v Hinds*, 38 NY3d 253, 275 [2022], quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]).

It is undisputed that Defendant sought to recover under the Lien from both the Landlord and Plaintiff, and that it received $18,175 from the Landlord and $10,000 from Plaintiff the following day without informing Plaintiff of the settlement it made with the Landlord. It is further undisputed that Plaintiff was subsequently made responsible for paying the $18,175 that the Landlord paid to Defendant. The Court finds that Plaintiff has therefore demonstrated that Defendant was enriched at Plaintiff's expense.

However, the Court finds that Plaintiff fails to demonstrate that it is against equity and good conscience to permit Defendant to retain what is sought to be recovered. Plaintiff maintains that Defendant and the Landlord conspired to manufacture a default and extract additional funds from Plaintiff, but ultimately this assertion is speculative. Plaintiff presents no evidence to support its conclusion, other than to say that the facts speak for themselves. In opposition, Malley states he only accepted Plaintiff's $10,000 settlement because he had already received funds from the Landlord and that he never contemplated that the settlement amount with the Landlord would have been passed on to Plaintiff. In total, Defendant received less than the value of the Lien, and Plaintiff ultimately settled all its defaults with the Landlord for less than it owed, both of which undermine a finding that it would be against equity and good conscience for Defendant to retain the benefit it received at Plaintiff's expense. Therefore, Plaintiff's motion is denied as to its second cause of action for unjust enrichment.

Finally, a plaintiff alleging tortious interference with a contract must demonstrate "(1) the existence of a contract between [itself] and a third party; (2) defendant's knowledge of the

**655646/2021   STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL**      **Page 6 of 7**
**Motion No.  005**

6 of 7

contract; (3) defendants' intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993], citing *Israel v Wood Dolson Co.*, 1 NY2d 116, 120 [1956]).  Even assuming Plaintiff was able to establish that Defendant improperly filed the Lien, its papers lack any evidence to support that Defendant did so in order to intentionally induce a breach of the lease between Plaintiff and the Landlord.  Plaintiff only argues that "contractors who specialize in construction projects for retail establishments," like Defendant, are "aware that the Lien would cause a breach in the lease and that [Plaintiff] would be pressured to satisfy the Lien" (NYSCEF Doc. No. 89, Plaintiff's Memorandum of Law, 16).  Additionally, Plaintiff argues that Defendant and the Landlord nefariously decided to serve Plaintiff in July 2021 by hard copy at the store in furtherance of their joint scheme.  This claim is belied by the fact that Plaintiff represented to Defendant in July 2020 that the store had reopened (NYSCEF Doc. No. 114).  The Court finds that Plaintiff's arguments are insufficient for Plaintiff to prevail on summary judgment.  Accordingly, Plaintiff's motion for summary judgment as to this cause of action must be denied.

Therefore, for the reasons set forth herein it is hereby:

ORDERED that Plaintiff's summary judgment motion is denied in its entirety.

This constitutes the Decision and Order of the Court.

__12/19/2024__
DATE

LORI S. SATTLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655646/2021   STUDIO 1872 INC., D/B/A C'EST BEAU 1872 vs. BOND STREET LEVY LLC ET AL          Page 7 of 7
Motion No.  005

7 of 7